**ROBINSON BROG LEINWAND GREENE**
  **GENOVESE & GLUCK P.C.**
875 Third Avenue
New York, New York 10022
Fred B. Ringel
*Attorneys  for the  Debtor and Debtor in*
*Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

In re:                                                        Chapter 11

**BAYRIDGE LOK HOLDINGS LLC,**          Case No.:  21-43128 (JMM)

                                               Debtor.
------------------------------------------------------------X

**SUPPLEMENTAL DECLARATION OF FRED B. RINGEL**
**IN FURTHER SUPPORT OF ORDER AUTHORIZING THE**
**RETENTION AND EMPLOYMENT OF ROBINSON BROG LEINWWAND**
**GREENE GENOVESE & GLUCK P.C. AS ATTORNEYS FOR THE DEBTOR**
**AND DEBTOR IN POSSESSION EFFECTIVE AS OF DECEMBER 22, 2021**

**Fred B. Ringel,** being duly sworn, states the following under penalty of perjury:

1.      I am a shareholder of **Robinson Brog Leinwand Greene Genovese &**
**Gluck P.C.** ("<u>Robinson</u> <u>Brog</u>").  Robinson Brog maintains offices and a principal
place of business at **875 Third Avenue, New York, New York 10022**.  I am a member
in good standing of the Bar of the State of New York  and New Jersey, and I have
been admitted to practice in the Southern District of New York. There are no
disciplinary proceedings pending against me.

2.      On December 21, 2021 ("Petition Date") the above captioned debtor
and debtor in possession ("Debtor") filed a petition with this Court  under chapter

11 of title 11 of the United States Code (the "Bankruptcy Code"). On the same day, the Debtor filed an application to employ and retain Robinson Brog as counsel for the Debtor [ECF Doc. No. 2] ( "Application") pursuant to sections 327(a) and 330 of the Bankruptcy Code, rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014 and 2016 of the Bankruptcy Local Rules for the Eastern District of New York ( "Local Bankruptcy Rules"). My declaration in support of the Application ( "Original Declaration") was filed at the same time as the Application [ECF Doc. No. 2-2].

3.      I submit this first supplemental declaration ( "First Supplemental Declaration") in support of the Application and to supplement the disclosures set forth in the Original Declaration in accordance with Bankruptcy Rules 2014(a) and 2016(b). Unless otherwise indicated herein, all facts stated in this First Supplemental Declaration are based on my personal knowledge of Robinson Brog's operations and finances, information learned from my review of relevant documents, and information supplied to me by Robinson Brog's shareholders or employees. If called upon to testify, I could and would testify on that basis.

## Additional Disclosures

4.      As stated in the Original Declaration, the firm's policy requires continued monitoring of the case for any other information requiring supplemental disclosure. The following matters have come to the firm's attention and require additional disclosure. Robinson Brog does not believe that any of these prior representations described herein are materially adverse to the Debtor's estate or

otherwise disqualify Robinson Brog from acting as Debtor's counsel in this case but are being made in the interests in full and complete disclosure.

    (i)    <u>Disclosures related to Equity Interests.</u>

    5.    The Debtor's sole member is Prospect Bayridge LLC, whose sole member is the PJS 2021 Family Trust Trust ("Trust") of which Pearl Schwartz is the trustee.  Pearl Schwartz is the sole trustee of the Trust and the beneficiaries of the Trust are her minor children. She is the decision maker for the Trust in her capacity as the Trustee.

    6.    Robinson Brog also represents Veteran Holdings NY LLC ("Veteran"), a Debtor in a voluntary chapter 11 case pending in the Eastern District of New York before Judge Elizabeth S. Stong under case no. 22-40052.  Pearl Schwartz is the trustee of  South to East 2021 Trust, the sole member of Veteran.

    7.    Asides from the Debtor and Veteran, at no time has Robinson Brog represented any of these other entities nor has Robinson Brog represented Pearl Schwartz in her individual capacity.

    (ii)    <u>Disclosures related to Joel Wertzberger</u>

    8.    Pearl Schwartz is the sister of  Joel Wertzberger who is an individual business investor. Robinson Brog has not represented Joel Wertzberger in his individual capacity. Mr. Wertzberger also has an interest in JBBNY LLC, an unsecured creditor in the Debtor's case.  Because the second-degree family relationship makes Mr. Wertzberger an "insider" in the Debtor's case, Robinson Brog is making these supplemental disclosures out of an abundance of caution.

Robinson Brog does not believe they have any bearing on its disinterestedness or lack of an adverse interest with respect to the Debtor's chapter 11 case.

9.      On February 17, 2017, Robinson Brog filed a chapter 11 bankruptcy Petition for Broadway Equity Holdings LLC ("BEH") in the Southern District of New York, Case No. 17-22242 before Judge Robert D. Drain. BEH was originally owned by 7 members, 6 entities and one individual managing member.  One member holding a 16% interest was Hamilton Eastman Capital LLC, which Robinson Brog understood that Mr. Wertzberger held a 99% Membership Interest and Jack Wolcowitz held a 1% interest. Talmu Inc. was another member of BEH holding a 12.8% membership interest and Mr. Wertzberger owned 100% of the shares of Talmu Inc. Judy Minster owned 8.8% of BEH and was the Managing Member of BEH and directed the activities of Robinson Brog during the BEH case.

10.     The BEH chapter 11 case was settled in June/July 2020 but the case was not formally closed until January 2021 when it was dismissed by Judge Drain on BEH's motion. BEH's chapter 11 case  concerned the foreclosure of a note and mortgage held by BEH on a property located in Haverstraw New York and was unrelated to the Debtor's chapter 11 case.

11.     Mr. Wertzberger was involved in the BEH case in his individual capacity as a counterclaim defendant in an adversary proceeding commenced in the bankruptcy case.  Mr. Wertzberger was not represented by Robinson Brog in the adversary proceeding and had his own counsel.

12.    In 2015 Robinson Brog represented The Strulovitch Family LLC an entity in which Mr. Wertzberger held a fifty (50%) percent interest, in connection with its bidding on leases at a bankruptcy sale in the A&P chapter 11 case. The representation of that entity, which concluded in 2015, was unrelated to the Debtor's chapter 11 case.

<u>Affirmative Statement of Disinterestedness</u>

13.    Based on the conflicts search conducted to date and supplemental disclosures described herein, to the best of my knowledge and insofar as I have been able to ascertain, (a) Robinson Brog  is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor's estate, and (b) Robinson Brog has no connection to the Debtor, its creditors, or other parties in interest, except as may be disclosed herein.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

**Dated: New York, New York**
       **February 21, 2022**

                                                **/s/ Fred B. Ringel**
                                                   **Fred B. Ringel**