ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.
875 Third Avenue
New York, New York 10022
Fred B. Ringel
*Attorneys for the Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re: Chapter 11

BAYRIDGE LOK HOLDINGS LLC, Case No.: 21-43128 (JMM)

Debtor.
-------------------------------------------------------X

**SECOND SUPPLEMENTAL DECLARATION OF FRED B. RINGEL IN FURTHER SUPPORT OF ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ROBINSON BROG LEINWWAND GREENE GENOVESE & GLUCK P.C. AS ATTORNEYS FOR THE DEBTOR AND DEBTOR IN POSSESSION EFFECTIVE AS OF DECEMBER 22, 2021**

**Fred B. Ringel,** being duly sworn, states the following under penalty of perjury:

1. I am a shareholder of **Robinson Brog Leinwand Greene Genovese & Gluck P.C.** ("Robinson Brog"). Robinson Brog maintains offices and a principal place of business at **875 Third Avenue, New York, New York 10022**. I am a member in good standing of the Bar of the State of New York and New Jersey, and I have been admitted to practice in the Southern District of New York. There are no disciplinary proceedings pending against me.

2. On December 21, 2021 ("Petition Date") the above captioned debtor and debtor in possession ("Debtor") filed a petition with this Court under chapter

11 of title 11 of the United States Code (the "Bankruptcy Code"). On the same day, the Debtor filed an application to employ and retain Robinson Brog as counsel for the Debtor [ECF Doc. No. 2] ( "Application") pursuant to sections 327(a) and 330 of the Bankruptcy Code, rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014 and 2016 of the Bankruptcy Local Rules for the Eastern District of New York ( "Local Bankruptcy Rules"). My declaration in support of the Application ( "Original Declaration") was filed at the same time as the Application [ECF Doc. No. 2-2].

3. I submit this second supplemental declaration ( "Second Supplemental Declaration") to supplement the disclosures set forth in the Original Declaration in accordance with Bankruptcy Rules 2014(a) and 2016(b). Unless otherwise indicated herein, all facts stated in this First Supplemental Declaration are based on my personal knowledge of Robinson Brog's operations and finances, information learned from my review of relevant documents, information provided by the Debtor and information supplied to me by Robinson Brog's shareholders or employees. If called upon to testify, I could and would testify on that basis.

## Additional Disclosures

4. As stated in the Original Declaration, the firm's policy requires continued monitoring of the case for any other information requiring supplemental disclosure. The following matters have come to the firm's attention and require additional disclosure. Robinson Brog does not believe that any of these prior representations described herein are materially adverse to the Debtor's estate or

otherwise disqualify Robinson Brog from acting as Debtor's counsel in this case but are being made in the interests in full and complete disclosure.

(i) Disclosures related to Equity Interests.

5. The Debtor's sole member is Prospect Bayridge LLC, whose sole member is the PJS 2021 Family Trust Trust ("Trust") of which Pearl Schwartz is the trustee. Pearl Schwartz is the sole trustee of the Trust and the beneficiaries of the Trust are the minor children of her brother Joel Wertzberger. The firms First Supplemental Disclosure dated February 22, 2022 mistakenly identified the beneficiaries as the minor children of Ms. Schwartz. This Second Supplemental Disclosure corrects that error.

6. Additionally, the grantor of the Trust is Rivka Knophler who is the wife of Joel Wertzberger, the sister of Pearl Schwartz, the Trustee of the Trust.

## Affirmative Statement of Disinterestedness

7. Based on the conflicts search conducted to date and supplemental disclosures described herein, to the best of my knowledge and insofar as I have been able to ascertain, (a) Robinson Brog is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor's estate, and (b) Robinson Brog has no connection to the Debtor, its creditors, or other parties in interest, except as may be disclosed herein.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: New York, New York
March 2, 2022

/s/ Fred B. Ringel
Fred B. Ringel